IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA TOEPPER, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) Case No. 18-cv-05087 |
| | ) |
| GRANT & WEBER, INC., | ) |
| | ) <u>Jury Demanded</u> |
| *Defendant.* | ) |

## COMPLAINT

Plaintiff, Amanda Toepper, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Defendant sent Plaintiff a collection letter that falsely threated to credit report on an alleged debt.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Amanda Toepper ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted medical account with Northwestern Medical Group. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Grant & Weber, Inc., ("G&W") is a Nevada corporation that does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago IL 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Grant & Weber, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. G&W collects debts from consumers in Illinois but does not hold a collection agency license from the State of Illinois.

10. G&W is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. According to Defendant, Plaintiff incurred an alleged medical debt originally owed to Northwestern Medical Group ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13. G&W subsequently began collecting the alleged debt.

14. On or about July 25, 2017, G&W sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number, client number, and an amount due.

16. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The heading of the Letter states that G&W is a "*Member of Experian.*" (Ex. B) (emphasis added)

18. Experian is one of the three primary credit reporting bureaus in the United States.

19. Plaintiff believed, and the unsophisticated consumer would believe, that Defendant could and would report the alleged debt to Experian.

20. However, G&W does not report debts allegedly owed to Northwestern Medical Group to any credit reporting agency.

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or Misleading Representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation of deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22. Defendant made a false statement and threatened an action that it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5), and 1692e(10), when it made a false threat to report Plaintiff's debt to the Experian credit reporting agency.

23. 15. U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

24. Defendant used unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, when it made a false threat to report Plaintiff's debt to the Experian credit reporting agency.

25. In the alternative, G&W states it is a Member of Experian to make Plaintiff and the unsophisticated consumer that is operates or is employed by Experian.

26. G&W made a materially false representation or implication that it operates or is employed by a consumer reporting agency, in violation of §§ 1692e(5), 1692e(10), and 1692f of the FDCPA, when it stated that it was a member of Experian.

27. Stating or implying that the debt collector is a credit reporting agency, misleads the unsophisticated consumer into believing that the collection agency was a credit reporting agency, and that not paying the alleged balance would have consequences to the consumer's credit. *See Trull v. G.C. Servs. Ltd. P'ship*, 961 F. Supp. 1199 (N.D. Ill. 1997).

28. The Letter is G&W's initial communication with Plaintiff.

29. As such, the Letter contains several disclosures regarding Plaintiff's right to dispute the debt and to request validation within 30 days of receiving the Letter.

30. The Letter then states:

If you do not dispute the balance due, please pay the balance due.

(Ex. B, Letter).

31. The Letter falsely suggests that payment of the balance due means that the debt is not disputed.

32. In fact, consumers may dispute the validity of the debt for up to 30 days from receipt of the initial communication *even when paying the alleged debt*.

33. G&W's false threat to credit report makes such a scenario more likely, in that a consumer may pay a debt during the dispute process to avoid negative consequences to his credit report.

34. Here, the consumer is given a false choice between paying and disputing, and would believe having paid that she no longer has the right to dispute.

35. G&W has thus overshadowed its 30-day disclosure of a consumer's right to dispute an alleged debt.

36. 15. U.S.C. § 1692g(b) of the FDCPA provides as follows:

> **Unfair practices**
>
> **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

37. G&W overshadowed its disclosure of Plaintiff's 30-day right to dispute the validity of a debt, in violation of 15 U.S.C. 1692g(b), by instructing her to pay if she does not dispute the alleged debt.

38. G&W could have avoided the violation by telling the consumer that payment of the debt does not impact her right to dispute the debt, as many other debt collectors do, or by leaving the statement out altogether and letting the disclosures speak for themselves.

39. Plaintiff experienced negative emotions about Defendant's communication, including annoyance, aggravation, generalized insult, and other garden variety emotional distress.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

42. G&W made a materially false representation or implication that it operates or is employed by a consumer reporting agency, in violation of § 1692e(16) of the FDCPA, when it stated that it was a member of Experian.

43. G&W made a materially false representation or implication that it operates or is employed by a consumer reporting agency, in violation of §§ 1692e(5), 1692e(10), and 1692f of the FDCPA, when it stated that it was a member of Experian.

44. G&W overshadowed its disclosure of Plaintiff's 30-day right to dispute the validity of a debt, in violation of 15 U.S.C. 1692g(b), by instructing her to pay if she does not dispute the alleged debt.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
Celetha Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com